UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALDIVAR,<br><br>        Petitioner,<br><br>   v.<br><br>R. DIAZ,<br><br>        Respondent. | Case No.: 1:14-cv-00659-JLT<br><br>ORDER PETITIONER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF EXHAUSTION<br><br>30-DAY RESPONSE PERIOD |

     Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

     The instant petition was filed on May 5, 2014. A preliminary review of the petition, however, reveals that the petition may contain claims that have not been exhausted in state court and, therefore, the petition should be dismissed.

**DISCUSSION**

     A. <u>Preliminary Review of Petition</u>.

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The

Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal

2

> claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the record before the Court indicates that Petitioner was convicted on December 8, 2005 in the Stanislaus County Superior Court of, inter alia, auto theft, evading a police officer, possession of a firearm by a convicted felon, possession of ammunition by a convicted felon, and participation in a criminal street gang. (Doc. 1, p. 2). Petitioner was sentenced to a prison term of 100 years to life plus fourteen years. (Id.). Petitioner appealed his conviction to the California Court of Appeal, 5th Appellate District, in case number F049805, which, on January 31, 2007, issued an unpublished decision that affirmed in part and reversed in part Petitioner's conviction. It appears that, on November 10, 2009, Petitioner filed a petition for writ of habeas corpus in the same appellate court challenging the trial court's restitution order. That petition was denied on November 17, 2009, as untimely because Petitioner could have raised the restitution issue on direct appeal. It does not appear that Petitioner ever filed a petition for review in the California Supreme Court on direct appeal or on a petition for writ of habeas corpus. (Doc. 1, p. 5).

The instant petition relies upon Proposition 36, which Petitioner alleges was passed by the voters of California on November 6, 2012, and which, according to Petitioner, authorizes "a petition

for recall of sentence under certain conditions." (Doc. 1, p. 3).  Petitioner alleges that he satisfies those conditions and is therefore eligible for a modification of sentence.  Petitioner alleges that he raised the issue of a modification of his sentence pursuant to Proposition 36 in the Superior Court of Stanislaus County in a habeas petition that was denied on June 19, 2013.  In denying the petition, the Superior Court noted that, contrary to Petitioner's allegations, he is ineligible for a sentence modification under Proposition 36 because that law only applies to non-violent, non-serious felony convictions, and Petitioner was convicted of a serious felony.  (Id., p. 7).

From the foregoing, it is apparent that Petitioner has not first presented his claim for a sentence reduction to the California Supreme Court as required by the exhaustion doctrine.  *If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.*  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  **The Court cannot consider a petition that is entirely unexhausted.**  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.  However, it is possible that Petitioner has exhausted his claims and simply failed to provide the Court with the documents and information that would establish such exhaustion.  Accordingly, Petitioner will be permitted thirty days within which to respond to this Order To Show Cause by filing a response containing evidence that the claims herein are indeed exhausted.  If Petitioner's response fails to establish that he has fully exhausted his claim, the Court will recommend that the petition be dismissed as entirely unexhausted.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the Petition should not be dismissed for failure to exhaust remedies in state court.

///
///
///
///

**<u>Petitioner is forewarned that failure to comply with this order will result in a recommendation that the Petition be dismissed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

Dated:   **May 8, 2014**               /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE