UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALDIVAR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R. DIAZ,<br><br>　　　　　Respondent. | Case No.: 1:14-cv-00659-JLT<br><br>ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING THAT THE CLERK OF THE COURT ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 19, 2014, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes.  (Doc. 7).

**PROCEDURAL HISTORY**

　　　　The instant petition was filed on May 5, 2014.  After a preliminary review of the petition indicated that the petition may contained claims that had not been exhausted in state court, on May 8, 2014 the Court issued an order to Petitioner to show cause why the petition should not be dismissed for lack of exhaustion. (Doc. 6).  On July 14, 2014, after receiving an extension of time, Petitioner filed his response, rearguing the merits of his case but failing to address the issue of exhaustion.  (Doc. 10).

///

**DISCUSSION**

A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies

requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the record before the Court indicates that Petitioner was convicted on December 8, 2005 in the Stanislaus County Superior Court of, inter alia, auto theft, evading a police officer, possession of a firearm by a convicted felon, possession of ammunition by a convicted felon, and participation in a criminal street gang. (Doc. 1, p. 2). Petitioner was sentenced to a prison term of 100 years to life plus fourteen years. (Id.). Petitioner appealed his conviction to the California Court of Appeal, 5th Appellate District, in case no. F049805, which, on January 31, 2007, issued an unpublished decision that affirmed in part and reversed in part Petitioner's conviction. It appears that, on November 10,

2009, Petitioner filed a petition for writ of habeas corpus in the same appellate court, raising a challenge to the trial court's restitution order. That petition was denied on November 17, 2009, as untimely because Petitioner could have raised the restitution issue on direct appeal. It does not appear that Petitioner ever filed a petition for review in the California Supreme Court on direct appeal or that he ever filed a habeas petition in the state high court. (Doc. 1, p. 5). As discussed, Petitioner does not address the exhaustion issue in any way in his response to the May 8, 2014 Order to Show Cause.

The instant petition relies upon Proposition 36, which Petitioner alleges was passed by the voters of California on November 6, 2012, and which, according to Petitioner, authorizes "a petition for recall of sentence under certain conditions." (Doc. 1, p. 3). Petitioner alleges that he satisfies those conditions and is therefore eligible for a modification of sentence. Petitioner alleges that he raised the issue of a modification of his sentence pursuant to Proposition 36 in the Superior Court of Stanislaus County in a habeas petition that was denied on June 19, 2013. In denying the petition, the Superior Court noted that, contrary to Petitioner's allegations, he is ineligible for a sentence modification under Proposition 36 because that law only applies to non-violent, non-serious felony convictions, and Petitioner was convicted of a serious felony. (Id., p. 7).

From the foregoing, it is apparent that Petitioner has not presented his claim for a sentence reduction to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit

      in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

      (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

      In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

    1.  The petition for writ of habeas corpus (Doc. 1), is dismissed for lack of exhaustion;

    2.   The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

///

///

      3.    The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

   Dated:   **September 30, 2014**            **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE